UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>SHUANG CHEN,<br>LIRONG GAO,<br>JING GUAN,<br>TONGHUI JIA,<br>XUEJIE JIA,<br>VICKY LIU,<br>SHUN SUI,<br>LUJUN SUN,<br>HUAILONG WANG,<br>JIADONG WANG,<br>JIAFENG WANG,<br>JIALI WANG,<br>XIAOSONG WANG,<br>LINLIN WU,<br>LIN XING,<br>YONG YANG,<br>JIANCHENG ZHAO, and<br>FORREST (HK) CO., LIMITED<br><br>                Defendants.<br><br>WEIGUO GUAN,<br>JINGQUAN LIU,<br>RISHAN LIU,<br>LUPING WANG,<br>WEIGANG YANG, and<br>JINGRU ZHAI<br><br>                Relief Defendants. | Civil Action No. 19-12127-WGY<br><br>DOCKETED |

[Proposed]
**TEMPORARY RESTRAINING ORDER,
<u>ASSET FREEZE, AND ORDER FOR OTHER EQUITABLE RELIEF</u>**

Having considered the emergency motion for a temporary restraining order, asset freeze, and other preliminary relief filed by plaintiff Securities and Exchange Commission ("the

Commission"), as well as the Complaint, the Commission's memorandum of law, and the accompanying evidentiary materials, the Court finds that the Commission has made the showing required by Fed. R. Civ. P. 65(b)(1) and, in addition, that the Commission has shown that: (1) it is reasonably likely to establish that Shuang Chen, Lirong Gao, Jing Guan, Tonghui Jia, Xuejie Jia, Vicky Liu, Shun Sui, Lujun Sun, Huailong Wang, Jiadong Wang, Jiafeng Wang, Jiali Wang, Xiaosong Wang, Linlin Wu, Lin Xing, Yong Yang, Jiancheng Zhao, and Forrest (HK) Co., Limited (collectively, the "Defendants") have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a reasonable likelihood that these violations will be repeated; (3) there is a strong indication that unless restrained and enjoined by Order of this Court, the Defendants and Weiguo Guan, Jingquan Liu, Rishan Liu, Luping Wang, Weigang Yang, and Jingru Zhai (collectively, the "Relief Defendants") may dissipate and conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) entry of a temporary restraining order freezing assets is in the public interest. In consideration of the foregoing:

## I.

**IT IS HEREBY ORDERED** that the Defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     employing any device, scheme or artifice to defraud;

(b)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security:

(a)     employing any device, scheme or artifice to defraud;

(b)     obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. §78i(a)(2)] by, directly or indirectly, effecting, alone or with one or more persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

### IV.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from aiding and abetting any violation of Section 10(b) of the Exchange Act or Rule 10b-5 thereunder by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, intentionally, knowingly or recklessly, (i) employed devices, schemes, or artifices to defraud; (ii) made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaged

in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

### V.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from aiding and abetting any violation of Section 17(a) of the Securities Act by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, in the offer or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, directly or indirectly, acting with the requisite degree of knowledge or state of mind (i) employed devices, schemes, or artifices to defraud; (ii) obtained money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

### VI.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are restrained from aiding and abetting any violation of Section 9(a)(2) of the Exchange Act by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, effecting, alone or with one or more persons, a series of

transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

## VII.

**IT IS HEREBY FURTHER ORDERED** that:

A.  Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Defendants or Relief Defendants presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Defendants or Relief Defendants, in whatever form such assets may presently exist and wherever located), and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the accounts identified in Attachment A.

B.  All banks, brokerage, and other financial institutions (including but not limited to those listed in Attachment A) and other persons or entities that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or

overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants or Relief Defendants or over which Defendants or Relief Defendants exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

      C.    The above Paragraphs VII.A and VII.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## VIII.

**IT IS HEREBY FURTHER ORDERED** that each of the Defendants and Relief Defendants shall submit in writing and serve upon the Commission, within three business days after service of this Order by personal service or otherwise (including by fax, email, or overnight delivery service), a verified, written accounting signed by each of the Defendants and Relief Defendants, under penalty of perjury, of:

      1.    All assets, liabilities, and property currently held, directly or indirectly, by or for the benefit of each Defendant or Relief Defendant, including, without limitation, bank accounts,

brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

2. All money, property, assets, and income received by each such Defendant or Relief Defendant for his direct or indirect benefit from the other Defendants or Relief Defendants, at any time from October 1, 2014, through the date of such accounting, describing the amount, disposition, and current location of each of the items listed;

3. The name and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds, or property of each Defendant and Relief Defendant;

4. All assets, funds, securities and real or personal property invested by each such Defendant or Relief Defendant, or any other person controlled by them, and the disposition of such assets, funds, securities, and real or personal property;

5. All transfers or payments of any funds or other assets to or from the Defendants or Relief Defendants, or to any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest, at any time from October 1, 2014, through the date of such accounting—the identification shall include the date and amount of each transfer or payment, the name and address of the recipient, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution of the person or entity making and the person or entity receiving the transfer or payment;

6. The location of any funds or other assets involved in any transfer or payment identified in response to paragraph VIII.5 above that are currently in the Defendants' or Relief Defendants' possession or held by any person or entity for their direct or indirect benefit, subject

to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest—the identification shall include the name and address of each person or entity holding such funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently held;

7.   The location or other disposition of any funds or other assets involved in any transfer or payment identified in response to paragraph VIII.5 above that are no longer in the Defendants' or Relief Defendants' possession or held by any person or entity for their direct or indirect benefit, subject to their direct or indirect control, over which they exercise actual or apparent authority, or in which they have a direct or indirect beneficial interest—the identification shall include the name and address of each person or entity currently holding the funds or other assets, the dollar value held by each person or entity, an explanation of when and how each person or entity received the funds or other assets, and, if applicable, the name, address, and account number of any bank, brokerage firm, or other financial institution where the funds or other assets are currently being held; and

8.   The nature of any investments in which the funds or other assets involved in any transfer or payment identified in response to paragraph VIII.5 above were used—for each such investment, the identification shall include the nature and amount of the investment, the date when the investment was made, the proceeds (if any) derived from the investment, and the nature, purpose, and amount of any fees or expenses charged on the investment.

## IX.

**IT IS HEREBY FURTHER ORDERED** that Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the scheme alleged in the Complaint.

## X.

**IT IS HEREBY FURTHER ORDERED** that the Defendants, Relief Defendants, and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) shall not destroy, mutilate, conceal, alter, dispose of, or transfer custody of any items (including, but not limited to, any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property) relating to the activities described in the Complaint.

## XI.

**IT IS HEREBY FURTHER ORDERED** that Defendants and Relief Defendants shall submit in writing to the Commission, within three business days following service of this Order upon them, a list of all street and mailing addresses (including without limitation postal box numbers), telephone or facsimile transmission numbers (including without limitation pagers and mobile telephones), electronic mail addresses, safety deposit boxes, and storage facilities used by them or under their direct or indirect control, at any time since October 1, 2014.

## XII.

**IT IS HEREBY FURTHER ORDERED** that, in addition to the methods of service described in Rules 4(f) and 5 of the Federal Rules of Civil Procedure, service of this Order, and the Summons and Complaint and related pleadings, may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by the Federal Rules of Civil Procedure and may be made (a) on any registered agent, officer, or director of Defendants or Relief Defendants, (b) via e-mail to the brokerage firms and/or financial institutions at which the Defendants or Relief Defendants have open accounts; or (c) by publication.

## XIII.

**IT IS FURTHER ORDERED** that the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, discovery may proceed without regard to the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure. In particular:

   A.   Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination, upon five days email, telecopy or overnight mail notice of any such deposition, or receipt of the notice by other service.

   B.   Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Defendants and Relief Defendants shall answer all of the Commission's interrogatories in writing under oath within five days of email, telecopy or overnight mail service of such interrogatories, or receipt of the interrogatories by other service.

   C.   A request for documents and tangible things pursuant to Rule 34 of the Federal Rules of Civil Procedure will be answerable, and production made, within five days of email, telecopy or overnight mail service of such request, or receipt of the request by other service.

   D.   Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the

Defendants and Relief Defendants shall answer all of the Commission's requests for admissions within five days of email, telecopy or overnight mail service of such requests, or receipt of the requests by other service.

E. The Commission may take more than ten depositions, and any depositions taken pursuant to this Paragraph shall not count towards the ten deposition limit set forth in Federal Rule of Civil Procedure 30(a)(2)(A), and pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), the Court grants leave to re-depose any deponent who is deposed pursuant to this paragraph.

F. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by the most expeditious means possible, whether by hand delivery, email, facsimile transmission, or overnight courier, upon the Commission, directed to Eric A. Forni, United States Securities and Exchange Commission, 33 Arch Street., 24th Floor, Boston, MA 02110 (facsimile: (617) 573-4590).

_____
UNITED STATES DISTRICT JUDGE

Dated: Oct. 15, 2019 at 3:00 a.m./p.m.

Boston, Mass.