UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br>v.<br><br>SHUANG CHEN, et al.<br>                Defendants.<br><br>WEIGUO GUAN, et al.<br><br>                Relief Defendants. | No.   19-cv-12127-WGY |

## FURTHER MODIFIED STIPULATION AND ORDER FOR ENTRY OF PRELIMINARY INJUNCTION AS TO DEFENDANT VICKY LIU

Plaintiff, the United States Securities and Exchange Commission (the "Commission"), and defendant Vicky Liu hereby agree and stipulate as follows:

1.    On October 15, 2019, the Commission filed a Motion for Temporary Restraining Order, Order Freezing Assets, and Order for Other Equitable Relief (the "Motion") (Dkt. No. 3), seeking certain temporary relief as to defendants Shuang Chen, Lirong Gao, Jing Guan, Tonghui Jia, Xuejie Jia, Vicky Liu, Shun Sui, Lujun Sun, Huailong Wang, Jiadong Wang, Jiafeng Wang, Jiali Wang, Xiaosong Wang, Linlin Wu, Lin Xing, Yong Yang, Jiancheng Zhao, and Forrest (HK) Co., Limited (collectively, the "Defendants"), and Weiguo Guan, Jingquan Liu, Rishan Liu, Luping Wang, Weigang Yang, and Jingru Zhai (collectively, the "Relief Defendants"). Specifically, the Commission moved this Court to: (i) issue a temporary restraining order freezing the Defendants' and Relief Defendants' assets; (ii) temporarily restrain the Defendants from violations of the federal securities laws; (iii) order the Defendants and Relief Defendants to repatriate assets; (iv) order an accounting of the Defendants' and Relief Defendants' assets; (v)

prohibit the Defendants and Relief Defendants from destroying, altering, or concealing records of any kind; (vi) order expedited discovery under Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure; and (vi) authorize service of the papers (including the Complaint) and any resulting Order by email.

2. The Court issued a temporary restraining order freezing assets and granting other relief on October 15, 2019 (the "Order") (Dkt. No. 11) against the Defendants and Relief Defendants. The Court also authorized service of process by email, which service the Commission made on the Defendants between October 15, 2019 and October 19, 2019.[1] *See* Dkt. Nos. 17-38, 41, 42.

3. The Commission and Vicky Liu agree that the allegations in the complaint, the Commission's memorandum of law in support of its Motion and the Declarations of Sofia Hussain (with attached exhibits), Scott Walster, and Kenneth Zavos would, if proven, constitute a proper showing, as required by Section 20(b) and 20(d)(1) of the Securities Act of 1933 ("Securities Act") and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), to support the preliminary injunctive relief granted herein.

4. In order to obviate the need for a hearing, the parties hereby stipulate as follows:

I.

A. **IT IS HEREBY STIPULATED AND AGREED** that, except as permitted in Paragraph I.D, Vicky Liu and each of her officers, agents, servants, employees and attorneys and those persons in active concert or participation with her who receive actual notice of this Order

---

[1] While the Commission served all Chinese-based defendants via email, defendants Vicky Liu and Shun Sui were served by hand as both were in the United States. The Commission also served defendant Xiaosong Wang through his criminal counsel, and provided criminal counsel for Jiali Wang with copies of the Order, complaint, and summons, though counsel did not agree to accept service on his client's behalf.

by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Vicky Liu's presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Vicky Liu, in whatever form such assets may presently exist and wherever located), and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Possible Acct Name(s) | Possible Acct No(s) |
|---|---|---|
| Bank of America | Vicky Liu | x0864<br>x5193 |
| Citizens Bank | Vicky Liu | x1870<br>x8656 |
| Citizens Bank | WV Forrest Investments LLC | x2273<br>x2311<br>x2281<br>x2303<br>x0741<br>x0911<br>x0733 |
| ETrade | Vicky Liu | x4507<br>x3643 |
| TD Ameritrade | Vicky Liu | x9502 |
| NFS/Fidelity | Vicky Liu | x2704 |

B.       Except as permitted in Paragraph I.D, all banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph I.A) and other persons or entities that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets

4

in the name, for the direct or indirect benefit, or under the direct or indirect control of Vicky Liu or over which Vicky Liu exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

    C.    The above Paragraphs I.A and I.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

    D.    Paragraphs I.A and I.B of this Order are modified as follows:

1. Vicky Liu is permitted to spend $8,500 per month for food, basic living expenses, and legal fees from October 28, 2019 through January 28, 2020. These expenditures, whether by debit card, ACH transfer, electronic bill pay system, or ATM withdrawal, may be made only from the Bank of America accounts ending in 0864 and 5193.

2. Bank of America shall lift the holds affecting the Bank of America accounts ending in 0864 and 5193. Vicky Liu is required to promptly provide monthly statements to the Commission for the accounts ending in 0864 and 5193 after the end of each month to demonstrate her compliance with this Order. Bank

of America shall have no duty to supervise or otherwise monitor the activity on accounts ending in 0864 and 5193 once the aforementioned account holds are lifted.

3. Vicky Liu is permitted to spend $8,000 per month for electricity, maintenance, cleaning, trash removal, insurance, water and sewer, and other expenses associated with the maintenance of the two properties owned by WV Forrest Investments at 19 Elmwood Park and 27 Elmwood Park, Quincy, Massachusetts from October 28, 2019 through January 28, 2020. These expenditures, whether by debit card, ACH transfer, electronic bill pay system, or ATM withdrawal, may be made only from the Citizens Bank account ending in 2273.

4. Citizens Bank is authorized to release the funds described in Paragraph I.D.3 of this Order on the schedule described there. Citizens Bank is not required to monitor the withdrawals from the account ending in 2273 to ensure compliance with this Order. Vicky Liu is required to promptly provide monthly statements to the Commission for the account ending in 2273 after the end of each month to demonstrate her compliance with this Order.

5. Vicky Liu is permitted to return the security deposits held by WV Forrest Investments in the Citizens Bank accounts ending in 0741, 0911, and 0733 upon request of any of the tenants 19 Elmwood Park and 27 Elmwood Park, Quincy, Massachusetts.

6. Citizens Bank is authorized to release the funds described in Paragraph I.D.5 of this Order upon the circumstances described there. Citizens Bank is not

required to monitor the withdrawals from the account ending in 0741, 0911, and 0733 to ensure compliance with this Order. Vicky Liu is required to promptly provide monthly statements to the Commission for the accounts ending in 0741, 0911, and 0733 after the end of each month to demonstrate her compliance with this Order. If withdrawals have been made from accounts ending in 0741, 0911, or 0733, Vicky Liu must also provide the Commission with proof that any withdrawal made was at the request of a tenant of 19 Elmwood Park or 27 Elmwood Park, Quincy, Massachusetts.

7. E*Trade is permitted to sell securities in Vicky Liu's accounts ending in x4507 and x3643 to satisfy margin calls in either account.

8. The Commission and Vicky Liu will confer after three months about the necessity of future carve-outs and any adjustments to the current carve-out. On or before the close of business on January 28, 2020, the parties will submit either a new proposed Order regarding allowances for Vicky Liu or will each file memoranda of law, not to exceed 10 pages, and a Proposed Order regarding the allowances.

## II.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her officers, agents, servants, employees, attorneys, and other persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined and restrained from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly,

through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her officers, agents, servants, employees, attorneys, and other persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined and restrained from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined and restrained from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. §78i(a)(2)] by, directly or indirectly, effecting, alone or with one or more persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

### V.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined and restrained from aiding and abetting any violation of Section 10(b) of the Exchange Act or Rule 10b-5 thereunder by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, intentionally, knowingly or recklessly, (i) employed devices,

schemes, or artifices to defraud; (ii) made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

## VI.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her agents, servants, employees, and attorneys, and other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined and restrained from aiding and abetting any violation of Section 17(a) of the Securities Act by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, in the offer or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, directly or indirectly, acting with the requisite degree of knowledge or state of mind (i) employed devices, schemes, or artifices to defraud; (ii) obtained money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers or sellers of the securities.

## VII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her agents, servants, employees, and attorneys, and other persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined and restrained from aiding and abetting any violation of Section 9(a)(2) of the Exchange Act by knowingly or recklessly providing substantial assistance to any person who directly or indirectly, effecting, alone or with one or more persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

## VIII.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu and each of her officers, agents, servants, employees and attorneys, and those persons in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, and who have not repatriated funds or assets pursuant to Paragraph IX of the Temporary Restraining Order, Asset Freeze, and Order for Other Equitable Relief entered by the Court in this matter on October 15, 2019, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the scheme alleged in the Complaint.

## IX.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that Vicky Liu, and each of her agents, servants, employees, attorneys, and other persons in active concert or participation

with her who receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) shall not destroy, mutilate, conceal, alter, dispose of, or transfer custody of any items (including, but not limited to, any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media, or other property) relating to the activities described in the Complaint.

## X.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that, in addition to the methods of service described in Rules 4(f) and 5 of the Federal Rules of Civil Procedure, service of this Order and related pleadings, may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by the Federal Rules of Civil Procedure and may be made via e-mail to the brokerage firms and/or financial institutions at which Vicky Liu has open accounts.

_William A. Young_
UNITED STATES DISTRICT JUDGE

Dated: _March 4_, 2020 at _4:04_ a.m./p.m.