UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SECURITIES AND EXCHANGE COMMISSION, )
)
               Plaintiff, )
   v. )
) Action No. 19-cv-12127-WGY
SHUANG CHEN, WENWEN DU, LIRONG GAO, ) JURY TRIAL DEMANDED
JING GUAN, TONGHUI JIA, XUEJIE JIA, )
VICKY LIU, HONGLEI SHI, SHUN SUI, )
LUJUN SUN, HUAILONG WANG, JIADONG WANG, )
JIAFENG WANG, JIALI WANG, XIAOSONG WANG, )
LINLIN WU, LIN XING, YONG YANG, )
JIANCHENG ZHAO, and )
FORREST (HK) CO., LIMITED )
)
               Defendants, )
)
WEIGUO GUAN, SONG GENG, JINGQUAN LIU, )
RISHAN LIU, QINGHUA REN, JIXIANG TENG, )
CUIHUA WANG, LUPING WANG, WEIGANG YANG, )
XIANGJIA YANG, XIUCHUN ZHANG, JINGRU ZHAI, )
WANNIAN INVESTMENT, INC., and )
WV FORREST INVESTMENTS, LLC )
)
               Relief Defendants. )
_____)

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF JIALI WANG**

The Defendant, Jiali Wang, by and through undersigned counsel, hereby answers the Amended Complaint in the above-captioned matter. In providing this unsworn and nontestimonial Answer, Defendant does not intend to, and does not, waive any privileges in this or any other proceeding, including but not limited to the privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. Defendant reserves the

1

right to assert any such applicable privileges in this or any other proceedings.[1] Defendant answers the Amended Complaint in this matter as follows:

## SUMMARY

1. Paragraph 1 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

2. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 2.

3. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 3.

4. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 4.

5. Paragraph 5 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

## NATURE OF PROCEEDING AND RELIEF SOUGHT

6. Paragraph 6 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

7. Defendant admits that on October 28, 2019, this Honorable Court entered a preliminary injunction as to Defendant Vicky Liu, *see* Dkt. 50. The Defendant denies the Plaintiff's characterization of the October 28, 2019 preliminary injunction and states that terms of the October 28, 2019 injunction speak for themselves.

8. Paragraph 8 of the Amended Complaint states legal conclusions for which no

---

[1] Mr. Wang is criminally charged with conduct that relates to the allegations of this case, *see United States v. Wang, et. al.*, Dkt. 19-mj-06485-MPK. As a result, Mr. Wang reserves the right to withdraw his assertions of the Fifth Amendment privilege and submit an Amended Answer in the future.

responsive pleading is required.

9. Paragraph 9 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

11. Paragraph 11 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

12. Paragraph 12 of the Amended Complaint states legal conclusions for which no responsive pleading is required.

## DEFENDANTS

A. **Defendants With Massachusetts Residences**

13. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. The remaining allegations contained within this paragraph are admitted.

14. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. The remaining allegations contained within this paragraph are admitted.

15. Defendant admits that Vicky Liu resided in Weymouth, MA next door to Defendant. With respect to the other allegations in this paragraph, Defendant asserts his Fifth Amendment privilege against self-incrimination.

16. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth

3

Amendment privilege against self-incrimination with respect to the remaining allegations.

B. **Corporate Defendant**

17. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

C. **Defendants with Chinese Addresses**

18. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

19. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

20. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

21. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

22. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

23. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth

Amendment privilege against self-incrimination with respect to the remaining allegations.

24. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

25. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

26. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

27. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

28. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

29. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

30. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

31. To the extent this allegation describes information contained within brokerage

account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

32. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

**RELIEF DEFENDANTS**

33. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

34. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

36. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

37. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes

of Fed. R. Civ. P. 8.  To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

38. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.  To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.  To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.  To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.  To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.  To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

43. To the extent this allegation describes information contained within brokerage

account documents, the brokerage documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

44. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves.

45. To the extent this allegation describes information contained within the corporate documents, the documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

46. To the extent this allegation describes information contained within the corporate documents, the documents speak for themselves. Defendant asserts his Fifth Amendment privilege against self-incrimination with respect to the remaining allegations.

**STATEMENT OF FACTS**

**Background: The Defendants' Relationships**

47. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 47.

48. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 48.

49. To the extent this allegation describes information contained within brokerage account documents, the brokerage documents speak for themselves. Defendant also asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 49.

50. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to Paragraph 50.

8

51. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

52. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

53. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

54. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

55. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

56. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 56.

**The Market Manipulation Scheme**

57. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 57.

58. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 58.

59. Defendant asserts his Fifth Amendment privilege against self-incrimination in

response to the allegations in Paragraph 59.

60. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 60.

**Example 1: CSSE (July 16-17, 2018; Xiaosong Wang, Shun Sui, Relief Defendant)**

61. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 2: HELE (May 30, 2018; Tonghui Jia, Huailong Wang, Jiadong Wang, Xiaosong Wang, and Jiancheng Zhao)**

62. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 3: RARE (May 1, 2018; Lirong Gao, Lujun Sun, and Lin Xing)**

63. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 4: DWSN (January 27, 2017; Xuejie Jia, Yong Yang, and Forrest (HK))**

64. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 5: HELE (April 9, 2018; Huailong Wang, Linlin Wu, and Yong Yang)**

65. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 6: AEMD (September 17, 2015; Shuang Chen, Lin Xing, and Forrest (HK))**

66. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 7: ASRVP (September 26, 2014; Defendants Jiali Wang and Forrest (HK))**

67. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 67.

**Example 8: GLDX (January 4, 2016; Defendants Jiafeng Wang and Forrest (HK))**

68. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 9: CHSCP (January 21, 2016; Jing Guan and Forrest (HK))**

69. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 10: SGRP (February 14, 2017; Vicky Liu, Tonghui Jia, and Forrest (HK))**

70. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 11: BREW (September 27, 2018; Xiaosong Wang, Shun Sui, and Relief Defendants)**

71. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

**Example 12: IFMI (June 16, 2014; Jiali Wang, Forrest (HK), and Relief Defendant)**

72. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 72.

**Defendants' Efforts to Conceal Their Fraudulent Scheme**

73. The first sentence of Paragraph 73 of the Amended Complaint states a legal conclusion for which no responsive pleading is required. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the remaining allegations in Paragraph 73.

74. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 74.

75. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 75.

76. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 76.

77. To the extent this allegation describes information contained within email communications, the communications speak for themselves. Defendant is also without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

78. To the extent this allegation describes information contained within email communications, the communications speak for themselves. Defendant is also without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8.

79. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 79.

### Disposition of Manipulation Proceeds

80. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 80.

81. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 81.

### Relief Defendants

82. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 82. The last sentence of Paragraph 82 states a legal conclusion for which no responsive pleading is required.

83. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 83. The last sentence of Paragraph 83 states a legal conclusion for which no responsive pleading is required.

84. Defendant asserts his Fifth Amendment privilege against self-incrimination in response to the allegations in Paragraph 84. The last sentence of Paragraph 84 states a legal conclusion for which no responsive pleading is required.

85. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 85 states a legal conclusion for which no responsive pleading is required.

86. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 86 states a legal conclusion for which no responsive pleading is required.

87. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 87 states a legal conclusion for which no responsive pleading is required.

88. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 88 states a legal conclusion for which no responsive pleading is required.

89. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 89 states a legal conclusion for which no responsive pleading is required.

90. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 90 states a legal conclusion for which no responsive pleading is required.

91. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 91 states a legal conclusion for which no responsive pleading is required.

92. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 92 states a legal conclusion for which no

responsive pleading is required.

93. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 93 states a legal conclusion for which no responsive pleading is required.

94. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 94 states a legal conclusion for which no responsive pleading is required.

95. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 95 states a legal conclusion for which no responsive pleading is required.

96. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, which should be construed as a specific denial for purposes of Fed. R. Civ. P. 8. The last sentence of Paragraph 96 states a legal conclusion for which no responsive pleading is required.

**FIRST CLAIM FOR RELIEF**
**FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**
**Violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) thereunder**
**(All Defendants)**

97. Answering Paragraph 97 of the Claims for Relief section of the Amended Complaint, Defendant repeats and incorporates his responses to Paragraphs 1 through 96 above as though set forth fully herein.

98. Paragraph 98 states legal conclusions for which no responsive pleading is

required.

99. Paragraph 99 states legal conclusions for which no responsive pleading is required.

100. Paragraph 100 states legal conclusions for which no responsive pleading is required.

101. Paragraph 101 states legal conclusions for which no responsive pleading is required.

102. Paragraph 102 states legal conclusions for which no responsive pleading is required.

**SECOND CLAIM FOR RELIEF**
**FRAUD IN THE OFFER OR SALE OF SECURITIES**
**Violation of Securities Act Section 17(a)(1) and (3)**
**(All Defendants)**

103. Answering Paragraph 103 of the Claims for Relief section of the Amended Complaint, Defendant repeats and incorporates his responses to Paragraphs 1 through 96 above as though set forth fully herein.

104. Paragraph 104 states legal conclusions for which no responsive pleading is required.

105. Paragraph 105 states legal conclusions for which no responsive pleading is required.

106. Paragraph 106 states legal conclusions for which no responsive pleading is required.

107. Paragraph 107 states legal conclusions for which no responsive pleading is required.

108. Paragraph 108 states legal conclusions for which no responsive pleading is

16

required.

### THIRD CLAIM FOR RELIEF
### MARKET MANIPULATION
### Violation of Exchange Act Section 9(a)(2)
### (All Defendants)

109. Answering Paragraph 109 of the Claims for Relief section of the Amended Complaint, Defendant repeats and incorporates his responses to Paragraphs 1 through 96 above as though set forth fully herein.

110. Paragraph 110 states legal conclusions for which no responsive pleading is required.

111. Paragraph 111 states legal conclusions for which no responsive pleading is required.

112. Paragraph 112 states legal conclusions for which no responsive pleading is required.

113. Paragraph 113 states legal conclusions for which no responsive pleading is required.

114. Paragraph 114 states legal conclusions for which no responsive pleading is required.

### FOURTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (All Relief Defendants)

115. Answering Paragraph 115 of the Claims for Relief section of the Amended Complaint, Defendant repeats and incorporates his responses to Paragraphs 1 through 96 above as though set forth fully herein.

116. Paragraph 116 does not state a claim against the Defendant. Accordingly, no responsive pleading is required.

117. Paragraph 117 does not state a claim against the Defendant. Accordingly, no responsive pleading is required.

## PRAYER FOR RELIEF

The Prayer for Relief contains legal conclusions and requests for relief to which no response is required. To the extent an answer is required, Defendant requests that Plaintiff be denied all requested relief in Paragraphs A through F.

## GENERAL DENIAL

To the extent necessary, where not admitted, denied or qualified, Defendant denies each and every remaining allegation contained in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without waiving his rights under the Fifth Amendment to the United States Constitution against compelled self-incrimination, Defendant alleges the following affirmative defenses with respect to each and every cause of action alleged in the Amended Complaint, without assuming the burden of proof where the burden of proof rests on the plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint, and each of its purported claims, fails to plead fraud and scienter with particularity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief and monetary damages is barred because there has been no violation of the Securities Act or the Exchange Act and because there is no reasonable

likelihood that any violation will be repeated.

## FOURTH AFFIRMATIVE DEFENSE

The allegations of the Amended Complaint do not state legally supportable claims under the federal securities law.

## FIFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and not with requisite scienter.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, release, and waiver.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims were brought in an improper venue.

## ADDITIONAL DEFENSES

Mr. Wang presently lacks sufficient knowledge or information on which to form a belief as to whether he may have available additional affirmative defenses. For this reason, Mr. Wang reserves his right to assert other affirmative and/or additional defenses.

**WHEREFORE**, Defendant Jiali Wang demands judgment dismissing the Amended Complaint and such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Defendant hereby demands trial by jury in the above-captioned action as to all issues and claims.

| | |
|---|---|
| September 14, 2021 | Respectfully Submitted,<br>Jiali Wang,<br>By his attorney:<br><br>/s/ William H. Connolly<br>William H. Connolly<br>BBO # 634501<br>20 Park Plaza, Suite 1000<br>Boston, MA 02116<br>617-542-0200 |

Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non registered participants on September 14, 2021.

/s/ William H. Connolly