UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 19-cv-12127-WGY |
| ) | |
| SHUANG CHEN, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| WEIGUO GUAN, et al., ) | |
| ) | |
| Relief Defendants. ) | |

**FINAL JUDGMENT AS TO DEFENDANTS SHUANG CHEN, WENWEN DU, LIRONG GAO, JING GUAN, TONGHUI JIA, XUEJIE JIA, HONGLEI SHI, LUJUN SUN, HUAILONG WANG, JIADONG WANG, JIAFENG WANG, LINLIN WU, LIN XING, YONG YANG, JIANCHENG ZHAO, AND FORREST (HK) CO., LIMITED**

WHEREAS, on October 15, 2019, the plaintiff Securities and Exchange Commission

("Commission") commenced this action by filing a Complaint against, among others, defendants

Shuang Chen, Lirong Gao, Jing Guan, Tonghui Jia, Xuejie Jia, Lujun Sun, Huailong Wang,

Jiadong Wang, Jiafeng Wang, Linlin Wu, Lin Xing, Yong Yang, Jiancheng Zhao, and Forrest

(HK) Co., Limited ("Defaulting Defendants Group One");

WHEREAS, on December 23, 2019, the Commission filed an Amended Complaint

against, among others, defendants Wenwen Du and Honglei Shi ("Defaulting Defendants Group

Two," and, together with Defaulting Defendants Group One, the "Defaulting Defendants");

WHEREAS, each of the Defaulting Defendants named in the Complaint and/or Amended

Complaint were validly served with the Complaint and/or Amended Complaint;

WHEREAS, the Commission filed a motion for entry of default against Defaulting

Defendants Group One on March 5, 2020, for failure to answer or otherwise appear;

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against Defaulting Defendants Group One on May 11, 2020;

WHEREAS, the Commission filed a motion for entry of default against Defaulting Defendants Group Two on June 2, 2020, for failure to answer or otherwise appear;

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against Defaulting Defendants Group Two on June 4, 2020;

WHEREAS, the court accepts as true the factual allegations of the Complaint and Amended Complaint against the Defaulting Defendants, and finds that the court has jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 [15 U.S.C. §§ 77t(b), 77v(a)] and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(d), 78u(e), and 78aa];

WHEREAS, the Commission has applied, pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of this Final Judgment based on the Defaulting Defendants' failure to answer or otherwise respond to the Commission's Complaint and/or Amended Complaint, and the court having considered the prima facie case for relief shown by the Commission's Complaint and Amended Complaint, the memorandum of law in support of the Commission's motion for default judgment, and supporting declarations, which showing has not been rebutted by the Defaulting Defendants;

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defaulting Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defaulting Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defaulting Defendants are permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)] by, directly or indirectly, effecting, alone or with one or more persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defaulting Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defaulting Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defaulting Defendants are jointly and severally liable for disgorgement of $35,603,447, representing net profits gained as a result of the conduct alleged in the Complaint and the Amended Complaint, together with prejudgment interest thereon in the amount of $5,989,769, and a civil penalty in the amount of $2,000,000 each pursuant to Section 20(d)(1) of the Securities Act [15 U.S.C. § 77t(d)(1)] and Section 21(d)(3)(A) of the Exchange Act [15 U.S.C. § 78u(d)(3)(A)]. Defaulting Defendants shall satisfy this obligation by paying $43,593,216 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defaulting Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defaulting Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defaulting Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defaulting Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defaulting Defendants relinquish all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to the Defaulting Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defaulting Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defaulting Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any Defaulting Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part

of any Defaulting Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defaulting Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defaulting Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, East West Bank shall transfer the entire balance of the following East West Bank accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Lirong Gao | *4529 |
| Lujun Sun | *4313 |
| Jiadong Wang | *4347 |
| Linlin Wu | *4453 |

East West Bank may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. East West Bank also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Cathay Bank shall transfer the entire balance of

the following Cathay Bank accounts which were frozen pursuant to an Order of this Court to the

Commission:

| Account Owner | Acct. Ending in: |
|---|---:|
| Shuang Chen | *0045 |
| Lirong Gao | *0190 |
| Tonghui Jia | *7259 |
| Lujun Sun | *0033 |
| Huailong Wang | *7447 |
| Jiadong Wang | *1608 |
| Linlin Wu | *4353 |
| Lin Xing | *7911 |
| Yong Yang | *7415 |

Cathay Bank may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Cathay Bank also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Sogotrade shall sell all securities in the

following Sogotrade accounts at prevailing market rates and then transfer the entire balance of

these accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Shuang Chen | *5253 |
| Lirong Gao | *8376 |
| Xuejie Jia | *5458 |
| Lujun Sun | *4023 |
| Jiadong Wang | *3797 |
| Linlin Wu | *0556 |
| Yong Yang | *8245 |

Sogotrade may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Sogotrade also may transfer these funds by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Axos Clearing ("Axos") sell all securities in the

following Axos accounts at prevailing market rates and then transfer the entire balance of these

accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Wenwen Du | *6364 |
| Lirong Gao | *7849 |
| Tonghui Jia | *5447 |
| Lujun Sun | *2779 |
| Huailong Wang | *2756 |
| Jiafeng Wang | *2112 |
| Linlin Wu | *0165 |
| Lin Xing | *2170 |
| Yong Yang | *1282 |
| Jiancheng Zhao | *1302 |

Axos may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Axos also may transfer these funds by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

IX.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Firstrade Securities Inc. ("Firstrade") shall sell

all securities in the following Firstrade accounts at prevailing market rates and then transfer the

entire balance of these accounts which were frozen pursuant to an Order of this Court to the

Commission:

| Account Owner | Acct. Ending in: |
|---------------|-----------------:|
| Wenwen Du | *9670 |
| Tonghui Jia | *1167 |
| Lujun Sun | *9202 |
| Jiadong Wang | *2580 |
| Linlin Wu | *5379 |

Firstrade may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Firstrade also may transfer these funds by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

## X.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Vision Financial Markets LLC ("Vision") sell

all securities in the following Vision accounts at prevailing market rates and then transfer the

entire balance of these accounts which were frozen pursuant to an Order of this Court to the

Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| **Wenwen Du** | *0019 |
| **Jiadong Wang** | *6612 |
| **Linlin Wu** | *6555 |

Vision may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Vision also may transfer these funds by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

XI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, ChoiceTrade sell all securities in the following ChoiceTrade accounts at prevailing market rates and then transfer the entire balance of these accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|:---:|
| Jiafeng Wang | *JIWA |

ChoiceTrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  ChoiceTrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

XII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, E*TRADE sell all securities in the following E*TRADE accounts at prevailing market rates and then transfer the entire balance of these accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Huailong Wang | *9107 |
| Linlin Wu | *3910 |
| Lin Xing | *0050 |
| Yong Yang | *6745 |

E*TRADE may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  E*TRADE also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

XIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Pershing LLC ("Pershing") sell all securities in

the following Pershing accounts at prevailing market rates and then transfer the entire balance of

these accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Lirong Gao | *3464 |

Pershing may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Pershing also may transfer these funds by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

XIV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Tradestation Securities, Inc. ("Tradestation")

sell all securities in the following Tradestation accounts at prevailing market rates and then

transfer the entire balance of these accounts which were frozen pursuant to an Order of this Court

to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Lirong Gao | *7818 |

Tradestation may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Tradestation also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

XV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Lightspeed Financial Services Group formerly known as Lime Brokerage ("Lightspeed") shall sell all securities in the following Lightspeed accounts at prevailing market rates and then transfer the entire balance of these accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Lujun Sun | *0827 |
| Jiadong Wang | *0760 |

Lightspeed may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Lightspeed also may transfer these funds by certified

check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

XVI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, Charles Schwab & Co., Inc. ("Charles

Schwab") sell all securities in the following Charles Schwab accounts at prevailing market rates

and then transfer the entire balance of these accounts which were frozen pursuant to an Order of

this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---------------|------------------|
| **Jiadong Wang** | *1390 |
| **Yong Yang** | *4214 and *7799 |

Charles Schwab may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made

directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Charles Schwab also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

XVII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, ViewTrade Securities, Inc. ("ViewTrade") sell

all securities in the following ViewTrade accounts at prevailing market rates and then transfer

the entire balance of these accounts which were frozen pursuant to an Order of this Court to the

Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Linlin Wu | *6051 |

ViewTrade may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  ViewTrade also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

XVIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

being served with a copy of this Final Judgment, TD Ameritrade shall transfer the entire balance

of the following TD Ameritrade accounts which were frozen pursuant to an Order of this Court

to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| **Jiancheng Zhao** | *3678 |

TD Ameritrade may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made

directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  TD Ameritrade also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; and specifying that payment is made pursuant to this Final Judgment.

XIX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   June 9        , 2022

                                          /s/ William G. Young
                                          UNITED STATES DISTRICT JUDGE