UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SHUANG CHEN, et al. <br><br> Defendants. <br><br> WEIGUO GUAN, et al. <br><br> Relief Defendants. | No.   19-cv-12127-WGY |

## CONSENT OF RELIEF DEFENDANT WANNIAN INVESTMENT, INC.

1. Relief Defendant Wannian Investment, Inc. ("Relief Defendant") acknowledges having been served with the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2. Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a)   orders Relief Defendant to pay disgorgement in the amount of $4,121,754.65.

   (b)   within 3 days after being served with a copy of this Order, orders Citizens Bank to transfer $4,121,754.65 from the following Bank account(s) which were frozen pursuant to an Order of this Court to the Commission:

1

| Account Owner | Acct. Ending in: |
|---|---|
| Wannian Investment, Inc. | *9574 |
| Wannian Investment, Inc. | *9582 |
| Wannian Investment, Inc. | *9590 |
| Wannian Investment, Inc. | *9892 |
| Wannian Investment, Inc. | *2206 |
| Wannian Investment, Inc. | *4624 |
| Wannian Investment, Inc. | *1662 |

Citizens Bank may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Citizens Bank also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Order.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represents that no

threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory

organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

10. Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to

4

take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13.     Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Wannian Investment, Inc.

By: _____
Leo Gao
Manager

On __10__, 2024, __January__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Wannian Investment, Inc. as its manager.

_____
Notary Public
Commission expires:

Michelle Feist
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
10/18/2030

Approved as to form:

_____
Connie Dai, Esq., Attorney for Wannian Investment, Inc.

5